**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOSEPH COPELAND, JR., | DOCKET NUMBER |
| Appellant, | DA-0752-20-0166-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: June 11, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joseph Copeland, Jr., Manor, Texas, pro se.

Roderick Eves, Esquire, Saint Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained the agency's chapter 75 removal action based on one charge of unacceptable conduct and one charge of unacceptable work performance. On petition for review, the appellant makes the following arguments: (1) the deciding official improperly considered his past disciplinary record; (2) the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

agency's penalty of removal was inconsistent with discipline imposed upon other agency employees for similar conduct; and (3) the administrative judge was biased against him.[2]  Petition for Review (PFR) File, Tab 1 at 5, 7.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

On review, the appellant states that the "settlement [agreement] should not have been in [his] record because [Human Resources] was instructed to clean out [his] record."  PFR File, Tab 1 at 5.  He also avers that the agency "was stuck in the past of [his] history when [he] had worked in Killeen Copper Mountain."  *Id.* We interpret these statements as assertions that the agency violated his due process rights insofar as the deciding official relied on:  (1) a November 27, 2017 letter of warning, which was subsequently expunged pursuant to an April 26, 2018 settlement agreement; and (2) a March 19, 2018 notice of proposed removal for which the agency never rendered a decision.[3]  Initial Appeal File (IAF), Tab 15 at 11, Tab 19 at 9.

---

[2] The appellant does not challenge the administrative judge's finding that the agency proved both charges and nexus or her finding that he did not prove his affirmative defense of harmful procedural error.  We affirm her findings in this regard.

A deciding official violates an employee's constitutional due process rights when he relies on "new and material" ex parte information as a basis for his decision on either the merits of a proposed charge or the penalty to be imposed. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 (Fed. Cir. 2011); *Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶¶ 7-8 (2012). Here, to the extent the appellant contends that the deciding official improperly relied on the November 27, 2017 letter and/or the March 19, 2018 notice of proposed removal as a basis for his decision on the merits of the proposed charges, the appellant's contention is unavailing. Although the November 27, 2017 letter of warning is not in the record, it appears that the incident upon which it was based was discussed during the appellant's oral reply, IAF, Tab 6 at 20-21, and the notice of proposed removal referenced the incident, *id.* at 27; thus, we agree with the administrative judge's conclusion that the appellant could not reasonably claim that he was deprived of notice and an opportunity to respond, IAF, Tab 22, Initial Decision (ID) at 16; *see Wilson v. Department of Homeland Security*, 120 M.S.P.R. 686, ¶ 11 (2014) (finding unavailing the appellant's allegation that the agency violated her due process by rights improperly considering unauthorized disclosures that she made when the appellant raised and discussed these disclosures in her reply to the notice of proposed removal), *aff'd*, 595 Fed. Appx. 995 (Fed. Cir. 2015). Similarly, the notice of proposed removal for the instant removal action specifically referenced and discussed the agency's prior March 19, 2018 notice of proposed removal. IAF, Tab 6 at 28-29. Therefore, the appellant was on notice that the agency was considering it.[4] Thus, we discern no basis to disturb the initial decision.

---

[3] We believe that these assertions involve an April 26, 2018 settlement agreement, which resolved a March 2018 notice of proposed removal for unacceptable performance. Initial Appeal File (IAF), Tab 6 at 71-81, Tab 15 at 11-12. As part of this agreement, the agency agreed not to issue a decision on the proposed removal and agreed to expunge letters of warning dated June 5, 2017, July 24, 2017, and November 27, 2017, and the appellant agreed to accept a reassignment and downgrade. IAF, Tab 6 at 79-81, Tab 15 at 11-12.

The appellant seemingly asserts that four other agency employees engaged in similar misconduct but were not removed. PFR File, Tab 1 at 5. However, the appellant did not raise this claim before the administrative judge and has failed to demonstrate that it is based on new and material evidence that previously was unavailable to him despite due diligence, and thus, a different outcome is not warranted. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Moreover, even if the Board was to consider this untimely argument, a different outcome would not be warranted insofar as the appellant fails to identify any comparator employees who engaged in the same totality of misconduct. PFR File, Tab 1 at 5; *see Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 18 (finding that the Board should not attempt to weigh the relative seriousness of various offenses in order to determine whether two employees who committed different acts of misconduct were treated disparately).

The appellant contends that the administrative judge exhibited bias. PFR File, Tab 1 at 7. To this end, he avers that "it [] felt like the [administrative judge] was on the [agency's] side [but] was trying so hard not to be." *Id.* He also states that "it seem[ed] to [him] that the [administrative judge] had her mind already made up before the trial was under way." *Id.* The Board has consistently held that in making a claim of bias against an administrative judge, the appellant

---

[4] Even if we alternatively consider the appellant's argument that the agency improperly considered in its penalty assessment prior discipline that was expunged or that was proposed but not effected, a different outcome is not warranted. To this end, the administrative judge recognized that the agency improperly relied on an August 26, 2019 notice of proposed 7-day, no time off suspension and a November 15, 2018 notice of proposed letter of warning as aggravating factors, and she conducted an independent review of the relevant aggravating and mitigating penalty factors as set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). ID at 22-24 (citing *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981)). We discern no basis to disturb her reasoned conclusion that removal was appropriate under the circumstances. ID at 23-25.

must overcome the presumption of honesty and integrity that accompanies all administrative adjudicators. *Washington v. Department of the Interior*, 81 M.S.P.R. 101, ¶ 7 (1999). This presumption can be overcome only by a substantial showing of personal bias. *Williams v. U.S. Postal Service*, 87 M.S.P.R. 313, ¶ 12 (2000). The appellant has not overcome this presumption.[5]

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[5] During the pendency of the appeal, the parties participated in a telephonic settlement conference with a different administrative judge through the Board's Mediation Appeals Program. IAF, Tab 17 at 1-2. To the extent that the appellant contends for the first time on review that this administrative judge was also biased against him, PFR File, Tab 1 at 7, we find his unsubstantiated assertion similarly unavailing, *see Gensburg v. Department of Veterans Affairs*, 85 M.S.P.R. 198, ¶ 7 (2000) (stating that mere unsworn statements that an administrative judge acted improperly without either identifying any evidence in the record or submitting any evidence to support such a claim does not rebut the presumption of an administrative judge's honesty and integrity).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          _____

                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.